**John Lee SMITH, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

No. 02–55937.

D.C. No. CV–00–6011–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Decided March 3, 2004.

Seymour I. Amster, Seymour I. Amster Law Offices, Van Nuys, CA, for Petitioner–Appellant.

David A. Wildman, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before FRIEDMAN,[*] TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM[**]

The appellant, John Lee Smith ("Smith"), seeks a writ of habeas corpus to overturn his California convictions of assault with a firearm and being a convicted felon in possession of a firearm. He contends that the prosecutor's peremptory challenges of Black potential jurors denied him equal protection, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The United States District Court for the Central District of California rejected this contention and so do we.

The prosecutor used at least nine peremptory challenges during jury selection. Smith's counsel told the district court that of the nine jurors thus eliminated, "six ... [were] Black, two ... were Hispanic, and one ... [was] mideastern." The jury that tried and convicted Smith consisted of six Blacks, two Asians, one Latino and three whites; an alternate juror was Black. At oral argument we were told that the prosecutor did not use all her peremptory challenges.

Smith contends that the prosecutor's peremptory challenges of six Black jurors itself established a *prima facie* case under *Batson* "that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race," which then shifted "the burden ... to the State to come forward with a neutral explanation for challenging [B]lack jurors." 476 U.S. at 96–97. We disagree.

In *Wade v. Terhune*, we affirmed the district court's denial of habeas in a similar case coming from California, because the convicted defendant had not "show[n] that the circumstances raise an inference that the prosecutor used a peremptory challenge to exclude a potential juror because of race." 202 F.3d 1190, 1198 (9th Cir. 2000). There the alleged *Batson* violation was the prosecution's peremptory challenge of Ms. Rutherford, the first of three Black jurors considered. Prior to challenging her, the prosecutor peremptorily challenged two non-Blacks. Subsequently, the prosecutor peremptorily challenged another Black, but the third one was seat-

---

[*] Daniel M. Friedman, Senior Circuit Judge of the Court of Appeals for the Federal Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed. We held that the convicted defendant had not "made a *prima facie* showing that Ms. Rutherford was peremptorily struck because of her race." *Id.*

Although *Wade* is factually different from the present case, it shows that Smith's numerical analysis here does not establish a *prima facie* case that the prosecutor's peremptory challenges of the Black jurors were based upon race. The jury ultimately selected had six Black jurors and three other members of racial minorities, and only three whites. This jury sharply contrasts with the situation in *Batson,* where "[t]he prosecutor used his peremptory challenges to strike all four [B]lack persons on the venire, and a jury composed only of white persons was selected." 476 U.S. at 83.

The judgment of the district court denying the petition for habeas corpus is AFFIRMED.

Bea, Circuit Judge, filed concurring opinion.